## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**RICHARD L. GUTHRIE**                                                             **PETITIONER**

**v.**                                   **CIVIL ACTION NO. 4:16CV-P111-JHM**

**POLICE CHIEF ERNEST GUFFIE**                                   **RESPONDENT**

### MEMORANDUM OPINION

This action was initiated on a *pro se* letter sent from Richard L. Guthrie. The Court entered a Memorandum and Order on November 29, 2016, construing the letter as a petition for writ of habeas corpus and ordering Guthrie to file his petition on the Court's approved 28 U.S.C. § 2254 form and to pay the $5.00 filing fee or file an application to proceed without prepayment of fees and a certified copy of his prison trust account statement within 30 days.

More than 30 days have passed, and Guthrie has failed to comply with the Court's Memorandum and Order or to take any other action in this case. Upon filing the instant action, Guthrie assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented

litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Guthrie's failure to comply with the Court's prior Memorandum and Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: January 13, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Richard L. Guthrie, *pro se*
4414.010

2